J-S48019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBBY LEE SHUKER | |
| Appellant | No. 290 MDA 2014 |

Appeal from the Judgment of Sentence January 3, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0006047-2012

BEFORE:  DONOHUE, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 12, 2014**

Appellant Robby Lee Shuker ("Appellant") appeals from a January 3, 2014 judgment of sentence entered in the Berks County Court of Common Pleas following his conviction for aggravated assault[1] and simple assault.[2] Appellant's counsel has filed an ***Anders***[3] brief, together with a petition to withdraw as counsel.  We affirm the judgment of sentence and grant counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(1).

[2] 18 Pa.C.S. § 2701(a)(1).

[3] ***Anders v. California***, 386 U.S. 738 (1967).

We summarize the facts and procedural history of this case as follows. Prior to October 6, 2012, Appellant and Stacey Blair ("Blair") had been involved in a romantic relationship during which they had two children together. The relationship had ended as of October 6, 2012, and Blair had a new boyfriend. However, Appellant and Blair remained friends.

On the night of October 6, 2012, Blair's boyfriend, Richard Kehr ("Kehr"), spent the night at her home. Blair went to sleep at approximately 11:00 p.m. or 12:00 a.m. with the aid of prescription sleeping pills. Because she was not feeling well, Blair took three of her sleeping pills, although her prescribed dosage was only one pill.

At 2:30 a.m., Blair and Kehr were sleeping together in the master bedroom when they were awakened by Appellant – who had keys to the house – rattling the bedroom doorknob. Appellant began to yell, demanding that Blair open the door. Blair told Appellant she was not going to answer the door, and that he needed to leave.

Instead of leaving, Appellant kicked in the door and entered the bedroom, yelling and cursing. Appellant pushed Blair onto the bed and slapped her face before turning and punching Kehr's face. The two men fought for a period of time. Once they separated, Appellant walked towards the living room while Kehr exited toward the kitchen with his cell phone and called 911.

Blair exited the bedroom and went upstairs to her daughter's room. Appellant followed and began choking Blair in the upstairs bedroom. Luckily,

Blair's friend and roommate Kelly Kesler pulled Appellant off Blair and escorted him down the steps to the lower level. Later, the Pennsylvania State Police arrived and arrested Appellant.

The Commonwealth charged Appellant with burglary, terroristic threats, simple assault (two counts), criminal mischief, aggravated assault, and criminal trespass. Following a jury trial conducted on November 13, 2013, Appellant was convicted of simple assault (2 counts) and aggravated assault.[4] On January 3, 2014, the trial court sentenced Appellant to five (5) to twenty (20) years of imprisonment on the aggravated assault conviction and a concurrent sentence of one (1) to two (2) years of imprisonment for the simple assault convictions. Appellant filed a post-sentence motion for a new trial based upon a weight of the evidence claim, which the trial court denied. Appellant timely appealed, and Appellant's counsel filed a statement pursuant to Pa.R.A.P. 1925(c) indicating counsel's intent to file an **Anders** brief. The trial court filed its Pa.R.A.P. 1925(a) opinion on March 25, 2014, which indicated the court had reviewed the record and concurred that no meritorious issues existed for direct appeal.

---

[4] The trial court entered a judgment of acquittal at the close of the Commonwealth's case as to the charges of burglary and criminal trespass. The jury found Appellant not guilty of the charge of terroristic threats. The trial court found Appellant guilty of criminal mischief, a summary offense.

As previously noted, Appellant's counsel has filed an application seeking to withdraw from representation pursuant to **Anders v. California** and its Pennsylvania counterpart, **Commonwealth v. Santiago**.[5]  Before addressing the merits of Appellant's underlying issue presented, we must first pass on counsel's petition to withdraw.  **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super.2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**.  The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.  Counsel must also provide a copy of the **Anders** brief to the appellant, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the Anders brief."  **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super.2007).  Substantial compliance with these requirements is

_____

[5] 978 A.2d 349 (Pa.2009).

sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super.2006).

Instantly, counsel filed a Petition to Withdraw as Counsel. The petition states counsel drafted and filed an ***Anders*** brief after determining that there were no non-frivolous issues to be raised on appeal. The petition further explains that counsel notified Appellant of the withdrawal request, supplied him with a copy of the ***Anders*** brief, and sent Appellant a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. ***See*** Letter to Appellant, May 9, 2014, attached to Petition to Withdraw as Counsel. In the ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states his conclusion that the appeal is wholly frivolous and his reasons therefor. Accordingly, counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***.

As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issue of arguable merit raised in the ***Anders*** brief:

- 5 -

1.   Whether the guilty verdict for aggravated assault was contrary to the weight of the evidence, where the inconsistent and unreliable testimony of Stacey Blair was the only direct evidence linking [Appellant] to the crimes, where she was under the influence of a controlled substance in that she ingested more than the prescribed dose of prescription sleeping pills due to a head cold and was dazed and confused about the events of October 6, 2012, and no additional eyewitness testimony or evidence was presented as to [Appellant's] involvement [in] the crime charged.

*Anders* Brief, p. 7.

Our review of this issue is governed by the following standard:

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict.  Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner.  An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court.  A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion.  A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror.  Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror.  Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa.2000) (internal citations, quotations, and footnote omitted).

Stated differently, a court may award a new trial because the verdict is against the weight of the evidence only when the verdict is so contrary to the evidence as to shock one's sense of justice, "such that right must be

given another opportunity to prevail." **_Commonwealth v. Goodwine_**, 692 A.2d 233, 236 (Pa.Super.1997). Moreover, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. **_Widmer_**, 744 A.2d at 753. When reviewing the trial court's determination, we give the gravest deference to the findings of the court below. We review the court's actions for an abuse of discretion. **_Id._**

Here, the Commonwealth presented the testimony of Stacey Blair, Richard Kehr, and the responding Pennsylvania State Police trooper at trial. Blair and Kehr both gave first-hand testimony to the events as described **_supra_**. The State trooper testified that he observed injuries consistent with the claims that Appellant had assaulted both Blair and Kehr. The trooper also testified that Appellant exhibited numerous signs of intoxication, and admitted to going to Blair's house, but claimed not to remember the events because he had blacked out. The jury credited the testimony of the Commonwealth's witnesses. **_See Commonwealth v. Ratsamy_**, 934 A.2d 1233, 1236 (Pa.2007) ("The Superior Court cannot deem incredible that which the fact-finder deemed worthy of belief."). Appellant did not present evidence to contradict the Commonwealth's evidence.

Based on the foregoing, we discern no abuse of discretion or trial court error in the trial court's denial of Appellant's request for a new trial based on the weight of the evidence. Nothing about the verdict is contrary to the

evidence so as to shock one's sense of justice. The jury heard the testimony in this matter. The jury understood Blair had taken more sleeping medication than her prescription called for, and yet still credited her testimony. Appellant now asks this Court to reassess the credibility of this witness. This we cannot do. **See Ratsamy**, **supra**. Thus, we agree that Appellant's weight of the evidence claim is wholly frivolous.

Given the foregoing, Appellant's claim that his conviction was against the weight of the evidence fails. Further, our independent review of the record has revealed no non-frivolous claims that Appellant could have raised, and we agree with counsel that this appeal is wholly frivolous. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2014